No. 14473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

DARRELL KEITH SMITH, Pro Se,

Petitioner,

vs.

STATE OF MONTANA,

Respondent.

Appeal from:  District Court of the Fourth Judicial District,
Honorable E Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

John R. Cobb, U of M Law School, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps  III, County Attorney, Missoula,
Montana

Submitted:  June 29, 1980

Decided:  FEB 11 1980

Filed:  FEB 11 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals from an order of the Missoula County District Court denying his petition for post-conviction relief. At a previous hearing on the State's petition to revoke defendant's probation, the trial court not only revoked his probation, but designated him as a dangerous offender for purposes of parole eligibility. Defendant claims that the trial court had no authority to designate him as a dangerous offender at the hearing on the State's petition to revoke his probation. We agree.

On March 22, 1978, the District Court sentenced the defendant to ten years in prison for the crime of aggravated assault, but suspended the entire ten years and placed defendant on probation. Less than two months later, the State petitioned the court for revocation of defendant's probation and at a hearing on May 8, 1978, the court not only revoked probation but also designated the defendant as a dangerous offender for purposes of parole. Later, the defendant petitioned the District Court for reduction of his sentence and for designation as a nondangerous offender. Defendant appeals from the order denying his petition to be designated as a nondangerous offender.

Defendant contends the District Court's sentence for aggravated assault implicitly designated him as a nondangerous offender. Section 46-18-404(1), MCA, has been amended since March 1978 when sentencing occurred, but at the time of sentencing, this statute provided:

"(1) The sentencing court shall designate an offender a nondangerous offender for purposes of eligibility for parole under part 2 of chapter 23 if:

"(a) during the 5 years preceding the commission of the offense for which the offender is being sentenced, the offender was neither convicted of nor incarcerated for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed; and

-2-

"(b) the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society."

The defendant was convicted of burglary in April 1977 and therefore does not qualify as a nondangerous offender under section 46-18-404(1)(a). He argues, however, that the court order of March 22, 1978 granting him probation for the crime of aggravated assault implicitly found that he did "not represent a substantial danger to other persons or society" and thus found that he was a nondangerous offender. We agree with this interpretation of the court order. Moreover, we find that under the present facts, section 46-18-404(1), MCA, required the District Court to designate the defendant as a nondangerous offender.

This Court interpreted section 46-18-404(1), in Grifaldo v. State (1979), ____ Mont.____, 596 P.2d 847, 36 St.Rep. 1220, where the petitioners asserted the sentencing court erred in failing to determine whether they were dangerous or nondangerous offenders. Since neither of the petitioners had committed a felony in the five years prior to the commission of the offense for which they were sentenced, each argued that he should have been designated as a nondangerous offender at the sentencing hearing. We held that the mandatory language contained in section 46-18-404(1) required the sentencing court to designate the defendant "nondangerous" if "either of the conditions of subsection (a) 'or' b are met." The defendant here was convicted of a felony less than a year prior to his commission of aggravated assault and therefore he could not be designated as nondangerous under subsection (1)(a). However, when the sentencing court placed defendant on probation and suspended the ten year prison sentence, the effect of this order was to determine that defendant did not represent a substantial danger to society.

-3-

See section 46-18-101, MCA. Under these circumstances, the court should have designated the defendant as a nondangerous offender.

The revocation order which defendant appeals stated that he was a dangerous offender. Section 46-18-404(1) grants jurisdiction to the sentencing court to designate an offender as nondangerous. At the time of the revocation hearing, the District Court had, of course, already sentenced the defendant and provided for the suspension of his sentence. Neither section 46-18-404(1) nor section 46-18-203, MCA, (which governs the authority of a court during the period of a suspended sentence) permits the court to designate the defendant as a dangerous offender. See State v. Downing (1979), ____ Mont. ____, 593 P.2d 43, 36 St.Rep. 696. Thus, it is clear that the District Court had no authority under either of these statutes to determine at the revocation hearing that the defendant was a dangerous offender for purposes of parole.

We reverse the May 8, 1978 order to the extent that it designates defendant as a dangerous offender. We remand this case to the sentencing court to designate the defendant as a nondangerous offender and to notify the appropriate authorities of the changed designation.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-