## In re the PETITION OF DANNY ARLEDGE.

No. 88-234.
Decided June 28, 1988.
756 P.2d 1169.

Danny A. Arledge, Deer Lodge, pro se.
Mike Greely, Atty. Gen., Helena, Robert L. Deschamps, III, Missoula Co. Atty., Missoula, for respondents.

## OPINION AND ORDER

PER CURIAM:
Danny A. Arledge comes before this Court with a Petition for Post-Conviction Relief. He is currently serving sentences handed down by the District Court of the Fourth Judicial District, Missoula County, and the District Court of the Eleventh Judicial District, Flathead County. Arledge raises three issues in his petition:

1. "The District Court lacked jurisdiction to impose, for the first time, a dangerous offender designation at a hearing for revocation of suspension of sentence."

2. "In the interests of justice, and in accordance with the sentencing court's intentions, petitioner's Fourth Judicial District and Eleventh Judicial District sentences should run concurrently."

3. "The no-parole designation is in conflict with society's foremost desire to rehabilitate, as well as to punish."

The facts will be discussed below as they relate to each issue.

### Issue I.

On November 8, 1983, Arledge was brought before the Fourth District Court, Missoula County, in Cause No. 6422. He pled guilty to charges of forgery and burglary, both felonies, and was sentenced to a total of 20 years in the Montana State Prison with 10 years suspended. The court specifically designated Arledge a nondangerous offender.

As will be discussed more fully below, Arledge was again brought up on criminal charges before the Fourth District Court in 1986. During those proceedings, the State petitioned the court to revoke the suspension of Arledge's sentence in Cause No. 6422. The District Court granted the petition, and designated Arledge a dangerous offender as to Cause No. 6422. Arledge asserts in his petition that the court was without jurisdiction to do so.

Once a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to vacate or modify it, except as otherwise provided by statute. *Dahlman v. District Court* (Mont. 1985), [215 Mont. 470,] 698 P.2d 423, 425, 42 St.Rep. 550, 552. The District Court did not have statutory authority to designate a defendant as a dangerous offender on a subsequent petition for revocation of suspended sentence. See *Smith v. State* (1980), 186 Mont. 52, 55, 606 P.2d 153, 155.

We therefore declare void that portion of the sentence imposed by the Fourth District Court designating Arledge a dangerous offender as to Cause No. 6422, and order it stricken. See *Lewis v. State* (1969), 153 Mont. 460, 463, 457 P.2d 765, 766.

## Issue II.

On April 25, 1986, Arledge was brought before the Eleventh District Court, Flathead County, in Cause No. DC-85-125B. He pled guilty to one count each of attempted deliberate homicide, robbery and aggravated burglary, all felonies. The Eleventh District Court sentenced Arledge as follows:

1. Attempted deliberate homicide, 40 years in the Montana State Prison.

2. Robbery, 20 years in prison.

3. Aggravated burglary, 20 years in prison.

4. The sentences for the above three counts will run concurrently.

5. A consecutive term of 5 years in prison for use of a weapon.

6. A consecutive term of 5 years in prison as a persistent felony offender.

7. Designation as a dangerous offender.

On May 28, 1986, Arledge was brought before the Fourth District Court, Missoula County, for the second time in Cause No. 7439. On January 9, 1987, Arledge pled guilty to one count each of arson and forgery, both felonies. A burglary count was dismissed pursuant to a plea bargaining agreement. The State petitioned the Fourth District Court during this proceeding to revoke the suspension of sentence it granted in Arledge's prior appearance before that court in Cause No. 6422. On the basis of Arledge's guilty plea, the plea bargaining agreement and the State's petition, the Fourth District Court sentenced Arledge as follows:

1. Arson, 20 years in the Montana State Prison.

2. Forgery, 20 years in prison.

3. The sentences for the above two counts will run consecutively.

4. The suspension of sentence in Cause No. 6422 is revoked.

5. The sentence in Cause No. 7439 will run consecutively to the sentence in Cause No. 6422.

6. Designation as a dangerous offender as to both sentences.

Upon his incarceration, Arledge was informed by the records department at the Montana State Prison that the sentences from all three causes (Nos. 6422 and 7439 in the Fourth District and No.

DC-85-125B in the Eleventh District) were to run consecutively. Arledge asserts in his petition that under Section 46-18-401(1)(a), MCA, the two sentences imposed by the Fourth District Court should run concurrently with the sentence imposed by the Eleventh District Court.

■ Section 46-18-401, MCA, is Montana's merger statute. In relevant part, it reads,

"Unless the judge otherwise orders:

"(a) whenever a person serving a term of commitment imposed by a court in this state is committed for another offense, the shorter term or shorter remaining term shall be merged in the other term . . ."

Section 46-18-401(1)(a), MCA. The Fourth District Court judge did not mention the sentences imposed in the Eleventh District, nor were the existing or pending sentences in the Fourth District mentioned by the Eleventh District Court judge. There was thus no judge's order to the contrary, and we hold that the sentences imposed by the Eleventh District Court in Cause No. DC-85-125B "shall be merged" with the consecutive sentences imposed by the Fourth District Court in Cause No. 6422 and Cause No. 7439, and shall run concurrently with them in accordance with Section 46-18-401(1)(a), MCA.

## Issue III.

In Cause No. 7439, the Fourth District Court also designated Arledge as ineligible for parole. Arledge asserts in his petition that this designation conflicts with society's desire to rehabilitate him. Because the minimum term Arledge will serve under this designation will be 40 years, he asserts he will be a permanent public charge, will not be encouraged to pursue education or develop skills, and will suffer a withering of his religious faith.

■ The State points to Section 46-18-202(2), MCA, which grants a district court authority to impose the restriction that the defendant shall be ineligible for parole during his term, if this is necessary for the protection of society. The State maintains that the District Court properly exercised its authority to designate Arledge ineligible for parole. We agree.

The District Court determined that the violence associated with Arledge's crimes, and the frequency of their commission necessitated the restriction of his opportunity for parole in order to protect

society. The determination to impose this restriction is in the province of the district court, and no fundamental rights of the defendant are abridged by the court's decision. See *Cavanaugh v. Crist* (1980) 189 Mont. 274, 615 P.2d 890, cited by the State. We therefore deny that portion of the petition seeking removal of the "no-parole" designation.

On the Petition for Post-Conviction Relief brought by Danny A. Arledge, this Court rules as follows:

1. The portion of the sentence imposed by the District Court of the Fourth Judicial District designating Arledge a dangerous offender in Cause No. 6422 is void and shall be stricken.

2. The sentences imposed by the District Court of the Eleventh Judicial District shall run concurrently with the sentences imposed by the District Court of the Fourth Judicial District in Cause No. 6422 and Cause No. 7439.

3. The portion of the Petition seeking removal of the "no-parole" designation imposed by the District Court of the Fourth Judicial District is denied.

DATED this 28th day of June, 1988.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/L.C. Gulbrandson, Justice
s/John C. Sheehy, Justice
s/William E. Hunt, Sr., Justice
s/R.C. McDonough, Justice