No. 89-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,
    Plaintiff and Respondent,

    -vs-

GORDON THIEL,
    Defendant and Respondent.


APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Richland,
               The Honorable H. R. Obert, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Mike Weber, Fairview, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Jennifer Anders, Asst. Atty. General, Helena
        Phillip Carter, Deputy County Attorney, Sidney,
        Montana


                            Submitted: January 18, 1990

                            Decided:   March 13, 1990

Filed:

_____
                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

The defendant Gordon Thiel appeals from two orders issued by the Seventh Judicial District Court, Richland County, revoking a suspended sentence and a deferred sentence. We clarify the effect of the sentences imposed.

The defendant's issue on appeal can be summarized as follows:

Must defendant serve the sentence imposed on him in cause no. 1952 consecutively to the revoked deferred and suspended sentences imposed on him in other convictions?

The defendant first appeared before the Seventh Judicial District in cause no. 1737, where he pled guilty to two counts of sexual assault. On May 23, 1984, the District Court Judge sentenced the defendant to serve seven years on each count to run concurrently. All seven years were suspended.

The defendant next appeared before the Seventh Judicial District on February 10, 1986, in cause no. 1902 where he pled guilty to the felony charge of issuing a bad check in violation of § 45-6-316, MCA. In that case, on March 17, 1986, the District Court deferred the imposition of sentence.

On May 20, 1986, the State filed a petition to revoke both the suspended sentence in cause no. 1737 and the deferred sentence in cause no. 1902. The District Court stayed the revocation proceedings until completion of a third matter, cause no. 1952, in which defendant was charged with 26 counts of sexual intercourse without consent. Following the trial, on July 22, 1987, a jury found the defendant guilty of all counts in cause no. 1952.

On October 23, 1987, the District Court sentenced the defendant in cause no. 1952. The District Court made no mention of cause nos. 1737 or 1902, the pending petitions in those matters, or the sentences in those matters in the judgment and sentence entered in cause no. 1952.

2

On April 4, 1988, a hearing was held before the District Court on the State's petition to revoke defendant's sentences in cause no. 1737 and cause no. 1902. The court revoked both sentences and ordered the defendant to serve seven years in cause no. 1737 and three years in cause no. 1902, with both terms to run concurrently. In its order the court stated that the sentences and judgments in the revocation matter were "strictly independent from the sentence and judgment found in cause no. 1952."

On June 3, 1988, defendant filed a timely notice of appeal from the court's revocation orders. He had applied for sentence review on May 11, 1988, prior to filing the notice of appeal, but waived his appearance before the Sentence Review Division on March 1, 1989. On July 27, 1989, defendant affirmed his appeal of the revocation order to this Court.

I

Must defendant serve the sentence imposed on him in cause no. 1952 consecutively to the revoked deferred and suspended sentences imposed on him in other convictions?

Defendant argues that the sentences received as a result of the revocation proceedings must be merged with the sentence imposed by the District Court in cause no. 1952. This argument is based on the defendant's interpretation of Montana's merger statute, § 46-18-401, MCA (1987), which states in pertinent part:

> Merger of Sentences. (1) Unless the judge otherwise orders:
>
> . . .
>
> (b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served on suspended or probation shall be merged in any new sentence of commitment or probation.
>
> . . .

We agree with defendant's interpretation of § 46-18-401(1)(b), MCA (1987). The defendant was under a suspended sentence in cause

3

no. 1737 when he received his sentence in cause no. 1952. He was also under a deferred sentence for an offense committed in this State in cause no. 1902 when the District Court sentenced him in cause no. 1952. The District Court judge in the judgment and sentence in cause no. 1952 did not mention either of the other convictions or the pending motions for revocation. We find no judge's order to the contrary on October 23, 1987, and thus the previous sentences had merged with the sentence in cause no. 1952 at that time.

The State contends that while the District Court did not refer to the outstanding sentences in its order in cause no. 1952, the court in the subsequent revocation proceedings specifically ordered that "the sentence and judgment in this matter is strictly independent from the sentence and judgment found in cause no. 1952 entitled the State of Montana v. Gordon Thiel." According to the State, by expressly stating that the sentences were independent, the District Court clearly intended that the sentences run consecutively. What the contention misses is that at the revocation hearing, it was too late for any provision that the sentences be served consecutively. Our decision in In re the Petition of Arledge (1988), 232 Mont. 450, 756 P.2d 1169 is factually distinguishable from this case and has no application here.

Accordingly, we reverse with the instructions that the sentences imposed in cause nos. 1737 and 1902 should be served concurrently with the sentences in cause no. 1952.

4

_____
John C. Shelby
                Justice

We Concur:

_____
J. A. Turnage
        Chief Justice

_____
John Conway Harrison

_____
William E. Hunt Sr.

_____
            Justices

5