IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-221

KENNETH S. ROBBINS,

Petitioner,

-v-

JACK McCORMICK, Warden,
Montana State Prison,

Respondent.

)     OPINION
)     AND
)     ORDER

FILED

MAY 25 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Kenneth S. Robbins comes before this Court with a Petition for Writ of Habeas Corpus. Petitioner was released from Montana State Prison on April 29, 1993, and is presently serving probation on the suspended portion of his sentence handed down in March 1982 in Sheridan County for Criminal Sale of Dangerous Drugs and Criminal Possession with Intent to Sell.

The issue raised by Petitioner is whether he has been properly ordered to serve probation or if, alternatively, he has completely discharged his sentence.

The pertinent facts are as follows: On April 1, 1982, Petitioner, on his plea of guilty to Criminal Sale of Dangerous Drugs and Criminal Possession with Intent to Sell in Sheridan County, received a sentence of fifteen years with ten years suspended.

On April 28, 1986, while on parole for the Sheridan County conviction, Petitioner pled guilty to two counts of Criminal Sale

1

of Dangerous Drugs in Gallatin County. On May 16, 1986, he received two concurrent twelve year sentences on his plea. The District Court, however, failed to specify whether the Gallatin County sentences were to run consecutively or concurrently with the Sheridan County sentences.

On June 26, 1986, Petitioner's parole on the Sheridan County Convictions was revoked and he was ordered incarcerated until his discharge date in August 1986.

Petitioner was discharged from the Montana State Prison on April 29, 1993, on the Gallatin County charges, but he then was placed on ten years probation as a result of the ten year suspended sentence in Sheridan County.

Section 46-18-401, MCA (1985), provides, in pertinent part:

(1) Unless the judge otherwise orders:

(a) whenever a person serving a term of commitment imposed by a court in this state is committed for another offense, the shorter term or shorter remaining term shall be merged in the other term except as provided in subsection (5); and

(b) whenever a person under suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served on suspended sentence or probation shall be merged in any new sentence of commitment or probation.

. . .

(5) Except as provided in this subsection, whenever a prisoner is sentenced for an offense committed while he was imprisoned in the state prison or while he was released on parole or under the supervised release program, the new sentence runs consecutively with the remainder of the original sentence. The prisoner starts serving the new sentence when the original sentence has expired or when he is released on parole under chapter 23, part 2, of this title in regard to the original sentence, whichever is sooner. In the latter case, the

2

sentences run concurrently from the time of his release on parole.

Petitioner relies on Petition Of Arledge (1988), 232 Mont. 450, 756 P.2d 1169, wherein we held, in the absence of a lower court order specifying whether sentences in the Fourth and Eleventh Judicial Districts were consecutive or concurrent, that § 46-18-401(1)(a), MCA, required merger of sentences imposed by the Eleventh Judicial District with those imposed by the Fourth Judicial District.

We did not discuss in our opinion, however, the application of subsection (5) where, as in the instant case, the defendant is convicted or pleads guilty to a subsequent offense while on parole, nor did we consider the application of subsection (1)(b), when the defendant is also under a suspended sentence at the time of his conviction of or plea to the second offense.

Because we did not consider the application of subsections (1)(b) and (5) to the facts in Arledse, we limit our holding on Issue II in Arledqe to that case.

In construing a statute where there are several provisions or particulars, the function of this Court is, if possible, to adopt a construction that will give effect to all. Section 1-Z-101, MCA.

In the absence of the sentencing court's order to the contrary, subsection (5) of the statute provides an exception to the general requirement of merger set forth in subsection (1)(a), if the prisoner is sentenced for an offense committed while he is imprisoned in the state prison or while he is released on parole or

3

under the supervised release program.

In the instant case, Petitioner was on parole from the Sheridan County sentence when he was sentenced in Gallatin County. Since the District Court in Gallatin County failed to specify whether the sentences in that case were to be served consecutively or concurrently with the Sheridan County sentences, § 46-18-401(5), MCA, required that the "new" (Gallatin County) sentence run consecutively with the remainder of the "original" (Sheridan County) sentence with the defendant to start serving the "new" (Gallatin County) sentence when the "original" (Sheridan County) sentence expired.

Since Petitioner was also under suspended sentence from Sheridan County at the time he was sentenced on the Gallatin County offenses, subsection (1)(b) required the suspended Sheridan County sentence be merged in the Gallatin County sentences.

The net result of the application of subsections 46-18-401(1)(b) and (5), MCA, is that the Gallatin County sentences commenced to run when the Petitioner's Sheridan County sentence expired, taking into consideration that the suspended portion of the Sheridan County sentence was merged in the Gallatin County sentences.

There is no authority under § 46-18-401(5), MCA, for the State to require the Petitioner to serve the suspended portion of his "original" (Sheridan County) sentence consecutively with the end of his "new" (Gallatin County) sentence. The plain language of that subsection of the statute requires precisely the opposite, that is,

4

that the "original" sentence be served before the "new" sentence commences to run.

The Petitioner having been discharged from the Gallatin County sentence and the suspended portion of the Sheridan County sentence having been merged in the Gallatin County sentence,

IT IS HEREBY ORDERED that Petitioner be discharged from his probation on the Sheridan County sentence.

DATED this 25th day of May, 1993.

_____
Chief Justice

_____
_____
_____
_____
_____
Justices