FILED

09/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0554

DA 18-0554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 243N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROCKY ROLLIN BETTIN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-04-330
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Shannon Sweeney, Law Offices of Shannon Sweeney, Anaconda, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Ben Eckstein, Assistant Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  August 5, 2020

Decided:  September 22, 2020

Filed:

                _____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Rocky Rollin Bettin (Bettin) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, asserting the District Court acted outside the scope of its authority when it ordered Bettin's revocation sentence to run consecutively to his federal sentence and erred in calculating Bettin's credit for time served. We remand in part and affirm in part.

¶3 In March 2004, Bettin was charged with two counts of Felony Assault with a Weapon under § 45-5-213, MCA (2003), in the Thirteenth Judicial District, Yellowstone County. The State provided timely notice pursuant to § 46-13-108, MCA, of its intent to treat Bettin as a persistent felony offender (PFO). In July 2004, Bettin pled guilty to both counts. In August, the District Court designated Bettin as a PFO and sentenced him to fifteen years of imprisonment with five years suspended, subject to probation conditions for each count. The sentences for each were run concurrently to a separate sentence previously imposed on Bettin in a criminal case in Judith Basin County.

¶4 While in custody, Bettin completed the Treasure State Correctional Training Center Treatment Program and successfully petitioned for a reduction of sentence, which was ordered and amended in November 2006. His sentence was suspended, subject to

2

the same terms and conditions set forth in the initial sentencing order. Bettin began the remaining non-custodial portion of his sentence under supervision of Billings Probation and Parole.

¶5 Bettin was formally revoked and resentenced in Yellowstone County in July 2007 after he violated various conditions of his probation. In November 2009, Bettin discharged the prison portion of his sentence and began serving the suspended portion. Bettin was again formally revoked and resentenced in Yellowstone County in July 2010.

¶6 Bettin was subsequently released to probation, and in April 2017, the State petitioned the District Court to revoke Bettin's sentence due to Bettin's alleged probation violations. While the State's petition for revocation remained pending, Bettin pleaded guilty to a federal drug offense before the United States District Court for the District of Montana. The federal district court sentenced Bettin to 180 months of imprisonment and five years of supervised release upon his release from imprisonment.

¶7 At the final disposition hearing on May 14, 2018, defense counsel argued in favor of a sentence concurrent to all underlying offenses, including Bettin's previously imposed federal sentence. Defense counsel informed the court of Bettin's federal status and his custodial status to date. To assist the District Court in calculating the appropriate credit to be awarded, Bettin's attorney provided the District Court with an annotated Department of Corrections Location Report. She explained her rationale for highlighting certain periods and elaborated on additional periods that should be credited to Bettin. Her calculations supported crediting Bettin with time served in the amount of 2,363 days. Thereafter, the District Court addressed Bettin and pronounced that Bettin would receive

3

"credit for 2,363 days as calculated by his attorney." When Bettin's attorney asked for clarification on whether the two counts were to run concurrent with the federal matter for which Bettin had not yet been sentenced, the Court clarified that the sentence was to run consecutive to the federal matter.

¶8 The District Court credited Bettin in the amount requested by defense counsel and ordered the remaining suspended sentence to be served consecutive to the federal matter.

¶9 The first issue Bettin raises on appeal is whether the District Court had the authority to order Bettin's revocation sentence to run consecutively to his federal sentence that did not exist at the time the District Court imposed the sentence upon revocation. This Court reviews a criminal sentence for legality. *State v. Heath*, 2004 MT 126, ¶ 13, 321 Mont. 280, 90 P.3d 426. Bettin argues, and the State concedes, that under § 46-18-203(7)(a)(3), MCA (2017), the District Court lacked the statutory authority to order Bettin's revocation sentence to run consecutively to his federal matter where a federal sentence had not yet been imposed. We agree.

¶10 In this case, the District Court's order that Bettin's suspended sentence imposed upon revocation run consecutively to his federal sentence was not statutorily permissible. Section 46-18-203(7)(a), MCA, does not give a court authority to designate a sentence as consecutive to a sentence not yet imposed. *See also Osborn v. Kirkegard*, No. OP 16-0365, Order (Mont. Sep. 20, 2016); *State v. Adams*, 2013 MT 189, ¶ 19, 371 Mont. 28, 305 P.3d 808; *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15; *State v. Thiel*, 242 Mont. 77, 79, 788 P.2d 337, 339 (1990). At the time Bettin's revocation sentence was imposed in May of 2018, there was no federal sentence

with which to consecutively run the District Court's sentence. Accordingly, this matter is remanded to the District Court to amend Bettin's sentence to begin May 14, 2018.

¶11 The second issue Bettin raises on appeal is whether the District Court correctly awarded Bettin credit for time served.

¶12 This Court reviews findings of fact to determine whether they are clearly erroneous. *Heath*, ¶ 13. "A district court's factual findings are clearly erroneous if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been made." *State v. Johnson*, 2018 MT 277, ¶ 10, 393 Mont. 320, 430 P.3d 494.

¶13 In awarding credit for time served to Bettin, the District Court explained that Bettin would receive "credit for 2,363 days as calculated by his attorney." Prior to that, Bettin's attorney had provided the District Court with a document that she obtained from the Department of Corrections that specified where Bettin had been in the system, including corrections placement, probation, and incarceration. The record indicates that Bettin's attorney had annotated the document to indicate time served for which Bettin should receive credit. The record further supports that Bettin's attorney provided the District Court with a detailed, oral explanation as to how she arrived at her calculations. Taken together, the documentation that Bettin's attorney provided to the District Court and her oral explanation to the District Court substantiate her calculations of Bettin's time served credit. The District Court relied on those calculations when it imposed

5

Bettin's sentence. Therefore, we find that the District Court's award of credit for time served was supported by substantial credible evidence and thus, not clearly erroneous.

¶14 We affirm the District Court's award of credit for time served; and we remand for amendment of Bettin's sentence to begin May 14, 2018, the date Bettin was sentenced for his revocation.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's finding of Bettin's time-served was not clearly erroneous but interpretation and application of § 46-18-203(7)(a)(iii), MCA, was incorrect.

¶16 Remanded in part to the District Court for further proceedings consistent with this Opinion and affirmed in part.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

6