STATE OF CONNECTICUT *v.* BOYD PITTMAN
(AC 30429)

Beach, Bear and Mihalakos, Js.

Argued May 19—officially released September 14, 2010

*Darcy McGraw*, special public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Boyd Pittman, appeals from the judgment of the trial court revoking his probation and sentencing him to thirty-nine months imprisonment. On appeal, the defendant claims that the court improperly denied his motion to dismiss because the state failed to execute the arrest warrant for violation of probation with reasonable diligence. We affirm the judgment of the trial court.

We begin by noting the standard that this court applies in reviewing a trial court's ruling on a motion to dismiss. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Ruscoe*, 119 Conn. App. 834, 838–39, 989 A.2d 667, cert. denied, 296 Conn. 903, 992 A.2d 330 (2010).

The court found the following facts. In 2002, the defendant was convicted of attempt to commit assault in the second degree in violation of General Statutes

§ 53a-60 and unlawful restraint in the first degree in violation of General Statutes § 53a-95. On April 23, 2003, the court, *B. Kaplan, J.*, sentenced the defendant to a total effective term of fifty-one months imprisonment, execution suspended after nine months, followed by three years of probation. After the defendant's discharge, on January 26, 2005, and again on February 7, 2006, the defendant reviewed the mandated conditions of probation and signed acknowledgments that he understood the terms of his probation. Among the defendant's conditions of probation relevant to the present appeal, was the requirement that he report regularly to his probation officer, Robert Santoemma, and keep him apprised of his whereabouts.

On June 7, 2006, the defendant failed to report to Santoemma for a scheduled visit. Subsequently, chief probation officer William Anselmo telephoned the defendant's supervisor at a Kentucky Fried Chicken restaurant in Old Saybrook. His supervisor stated that the defendant had not been to work since May 26, 2006. Santoemma testified that through his attempts to locate the defendant, he spoke with Shawn Dolan, a detective with the Hamden police department, who informed Santoemma that the defendant was a suspect in a stabbing incident that occurred at a local laundromat and that he was facing charges of attempt to commit murder and assault. Dolan also informed him that the Hamden police department could not locate the defendant at his listed address in New Haven and advised Santoemma that he believed that the defendant had fled the state. On June 27, 2006, Santoemma prepared an arrest warrant for the defendant, alleging a violation of the terms of his probation in violation of General Statutes § 53a-32. That warrant was issued on July 11, 2006.

In November, 2006, the defendant was located and apprehended by federal marshals in New York City. While the record is unclear as to when the defendant

was transferred to Connecticut, on December 14, 2006, Santoemma learned that the defendant had been taken into custody and was incarcerated at the New Haven Correctional Center. The defendant continuously resided there through May 29, 2008, when the arrest warrant for violation of probation was executed.[1]

On August 27, 2008, the defendant filed a motion to dismiss the violation of probation charge, arguing that his due process rights were violated by the state's unreasonable delay or lack of due diligence in executing the warrant. On the basis of the aforementioned factual findings, the court, *Richards, J.*, denied the defendant's motion by oral decision[2] and found that the defendant had violated his probation. The defendant's probationary status was revoked, and he was sentenced to thirty-nine months incarceration. Thus, because the denial of the motion to dismiss was premised on the court's factual findings and not on their legal sufficiency, we review under the clearly erroneous standard the defendant's claim that the motion to dismiss was denied improperly.[3] Additional facts and procedural history will be provided as necessary.

[1] As a result of the stabbing incident, on January 9, 2009, the defendant pleaded guilty to attempt to commit murder in violation of General Statutes § 53a-54a and was sentenced to nine years of incarceration. The defendant has remained continuously in the custody of the state since his apprehension in November, 2006.

[2] Although the defendant's failure to request a memorandum of decision or a signed transcript of the trial court's oral decision normally would result in an inadequate record for our review; see *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 405 n.10, 973 A.2d 1229 (2009); we previously have determined that a record may be adequate when an unsigned transcript contains a sufficiently detailed and concise statement of the trial court's findings. See *Watrous* v. *Watrous*, 108 Conn. App. 813, 831 n.8, 949 A.2d 557 (2008). The defendant has appended to his brief a transcript of the trial court's decision.

[3] In *State* v. *Figueroa*, 235 Conn. 145, 665 A.2d 63 (1995), our Supreme Court held that "if the defendant puts forward evidence to suggest that the state reasonably could have executed the warrant sooner, the issue of whether the state executed the warrant within a reasonable period of time [is] properly a question of fact for the [fact finder]." (Internal quotation marks omitted.) Id., 178.

The defendant's sole claim on appeal is that the state's delay or lack of due diligence in executing the arrest warrant was unreasonable and, therefore, prejudiced him. We conclude that the court's denial of the defendant's motion to dismiss was not improper because the defendant has failed to show that the alleged delay caused him actual prejudice.

"The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation. . . . [T]he issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch. What will constitute a reasonable time will, of necessity, vary with the facts of each case. Obviously, a violator who has succeeded in evading the authorities is in no position to complain of a delay. Even in other cases delay will not in and of itself suffice to show prejudice, except in an extreme case, and actual prejudice vel non is the focal point of the inquiry. . . . [S]ome limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions . . . .

"[I]f the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable . . . . [O]nce a defendant puts forth evidence to suggest that [he] was not elusive, was available and was readily approachable, the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable." (Citations omitted; internal quotation marks omitted.) *State* v. *Soldi*, 92 Conn. App.

849, 854–57, 887 A.2d 436, cert. denied, 277 Conn. 913, 895 A.2d 792 (2006).

The defendant relies on *Soldi* to argue that the state failed to establish a reasonable basis for its failure to pursue diligently the violation of probation warrant. The court denied the defendant's claim by oral decision: "The court . . . is ready to rule on at least the motion to dismiss aspect of the case. . . . The trial court . . . feels that . . . the probationer's reliance on *Soldi* is . . . misplaced and is going to deny the motion to dismiss. . . . *Soldi*, in the court's mind, deals with a violation of probation for larceny . . . in which the probationer pleaded to a suspended sentence of five [years incarceration and] three [years] probation in September . . . 1994. The defendant failed to make . . . the condition of probation restitution . . . .

"In August, 2003 . . . the probationer had made no restitution payments, and a warrant was issued. . . . While *Soldi* and its supporting cases agree that there . . . was no black letter law as to time frame . . . between the drafting of the warrant, signing of the warrant and its execution, there has been some case law, *Parham* v. *Warden*, [172 Conn. 126, 374 A.2d 137 (1976)], which suggests that [more than] three years is . . . a violation of due process rights. . . . This court agrees that the police should not have an unlimited amount of time to serve a violation of probation warrant. But it feels that the court has to examine each case on a case-by-case basis. And I think [that] if we do that . . . with this case and *Soldi*, [we] will find that the two are distinguish[able]. First, on the issue of time, as I indicated, there was a five year period of delay [in *Soldi*]. And even looking at the facts in the light least favorable to the state, it's less than two years [in this case]. . . .

"In *Soldi*, as I've indicated, the probation officer and the West Haven police had concrete information of the

. . . probationer's whereabouts. She lived continuously at the same address, [and] they even had her registration. She was at her liberty. Here, other than . . . some hearsay statements and the . . . testimony of the probation officer . . . the whereabouts of the probationer were never known concretely. And he really can't testify as to what the Hamden police do or did not know. Based on the above, I find it hard . . . or impossible to find that . . . the . . . probationer's due process rights were violated. I looked at *Soldi*, I looked at its supporting cases, I'm going to deny the motion to dismiss."

We agree with the court's finding that, pursuant to *Soldi* and its supporting cases, the defendant has not been deprived of due process. For the defendant to succeed on his claim, a showing of "delay will not in and of itself suffice to show prejudice, except in an extreme case, and actual prejudice vel non is the focal point of the inquiry." (Internal quotation marks omitted.) *State* v. *Soldi*, supra, 92 Conn. App. 855. Here, the defendant has failed to put forth evidence to establish that his case qualifies as an extreme case, or that he has suffered actual prejudice. Instead, the defendant focuses solely on the two year time period in arguing that he has been prejudiced by the state's alleged delay in execution of the warrant.[4] As this court explained in *Soldi*, "[w]hat will constitute a reasonable time will, of necessity, vary with the facts of each case." (Internal quotation marks omitted.) Id.

In this case, after the defendant was returned from New York City where he had fled, he was continuously incarcerated throughout the rest of the period of alleged delay, and he remains incarcerated. The defendant

[4] Although the court discussed "less than two years" as the period of delay "in the light least favorable to the state," given the six month period in which the defendant's whereabouts were unknown to the state, the delay was actually approximately eighteen months.

pleaded guilty to attempt to commit murder. The incident underlying that plea occurred while he was on probation, a clear violation of the standard condition of probation that he not violate the laws of this state. While we recognize that there are instances in which delay in executing a warrant can prejudice a defendant, this case does not present such a situation. Given the facts of this case, the defendant cannot show and has not shown that he has suffered prejudice. Thus, we cannot conclude that the period of alleged delay in this case was unreasonable or that the state violated the defendant's right to due process, and, therefore, we conclude that the court properly denied the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.