******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* CHRISTIAN DERKS
(AC 35547)

Gruendel, Lavine and Bear, Js.

*Argued October 20, 2014—officially released January 20, 2015*

(Appeal from Superior Court, judicial district of New Haven, Fasano, J. [motion to dismiss]; Clifford, J. [judgment].)

*James B. Streeto*, assistant public defender, for the appellant (defendant).

*Marc J. Herman*, certified legal intern, with whom were *Bruce R. Lockwood*, senior assistant state's attor-

ney, and, on the brief, *Michael Dearington*, state's attorney, and *Maxine V. Wilensky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Christian Derks, appeals from the judgment of conviction, rendered following his conditional plea of nolo contendere, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21 (2). On appeal, the defendant claims that the trial court improperly denied his motion to dismiss because his prosecution was time barred by the statutes of limitation set forth in General Statutes §§ 54-193a and 54-193 (b),[1] and the delay violated his due process rights. The defendant's principal assertion is that the state unreasonably delayed the execution of the arrest warrant.[2] We disagree, and accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's claim. On September 21, 1997, the twelve year old victim,[3] a baby-sitter, filed a complaint with the Meriden police alleging that the thirty-three year old defendant had sexually assaulted her the previous night.[4] On February 3, 1998, Meriden police obtained an arrest warrant for the defendant. Prior to the issuance of the arrest warrant, the defendant moved from Connecticut to Colorado in the fall of 1997, leaving behind his wife and daughter. Although it is unclear from the record on what date the defendant moved to Colorado, he obtained employment and began working at Soderberg Masonry on December 16, 1997. From the time the arrest warrant was issued to its ultimate execution, the defendant resided at various addresses in Colorado. Following the defendant's arrest on an unrelated crime in Colorado, he was served with an extradition warrant on October 3, 2010. After waiving extradition from Colorado and arriving back in Connecticut, the defendant was served with the arrest warrant by Connecticut authorities on October 19, 2010.

By motion filed November 30, 2011, the defendant sought to dismiss the information, claiming that the prosecution was time barred by the statute of limitations or, in the alternative, that the continued prosecution of the case violated his due process rights pursuant to the fifth and fourteenth amendments to the United States constitution, and article first, § 8, of the Connecticut constitution. On January 4, 2012, following an evidentiary hearing, the court, *Fasano, J.,* denied the defendant's motion to dismiss. In its memorandum of decision, the court determined that "the only rational conclusion, absent evidence to the contrary, is that the defendant was on the run, intending to elude the authorities." As such, the court found that "the years of delay with respect to his arrest and prosecution were occasioned by his very conduct." Ultimately, the court concluded that "the actions of the authorities to apprehend the defendant, though minimal, were adequate under the circumstances of this case where the delay

was occasioned by the defendant's efforts to elude authorities."[5]

On December 27, 2012, the defendant entered a plea of nolo contendere, conditioned on his right to appeal from the court's denial of his motion to dismiss. The court, *Clifford, J.*, accepted the plea, entered a finding of guilty, and imposed a total effective sentence of ten years of incarceration, execution suspended after two years, and ten years of probation. Thereafter, on July 19, 2013, the defendant filed a motion for rectification, which was granted in part by Judge Fasano. This appeal followed. Additional facts will be set forth as necessary.

The defendant claims that Judge Fasano improperly denied the motion to dismiss because the prosecution was time barred by §§ 54-193a and 54-193 (b). He argues that although the warrant for his arrest was issued within the relevant statutes of limitation, it was not executed within a reasonable period of time and, therefore, the statutes of limitation were not tolled. He also claims that the delay in executing the warrant violated his due process rights. The defendant asserts that he neither took evasive action nor was difficult to apprehend after the warrant was issued. We disagree.

At the outset, we set forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Pittman*, 123 Conn. App. 774, 775, 3 A.3d 137, cert. denied, 299 Conn. 914, 10 A.3d 530 (2010). Thus, in order to determine the appropriate standard of review for the defendant's claim, we first must ascertain whether the defendant is challenging the trial court's legal conclusions or factual findings.

In this case, the defendant contests Judge Fasano's factual finding that he was eluding authorities, which, in turn, led to the court's allegedly improper legal conclusion that the statutes of limitation were tolled. "[W]hen the plaintiff asserts that the facts found were insufficient to support the court's legal conclusion, th[e] issue presents a mixed question of law and fact to which we apply plenary review. . . . We must therefore decide whether the court's conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Centrix Management Co., LLC* v. *Valencia*, 132

Conn. App. 582, 586–87, 33 A.3d 802 (2011).

Section 54-193a provides in relevant part: "Notwithstanding the provisions of section 54-193, no person may be prosecuted for any offense, except a class A felony, involving sexual abuse, sexual exploitation or sexual assault of a minor except within thirty years from the date the victim attains the age of majority or within five years from the date the victim notifies any police officer or state's attorney acting in such police officer's or state's attorney's official capacity of the commission of the offense . . . ."

Section 54-193 (b) provides: "No person may be prosecuted for any offense, other than an offense set forth in subsection (a) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed."

In the present case, the victim notified the police of the alleged sexual assault on September 21, 1997, and an arrest warrant for the defendant was issued on February 3, 1998. The extradition warrant was served on the defendant on October 3, 2010, and the arrest warrant was served on October 19, 2010. The question, then, is whether the statutes of limitation under §§ 54-193a and 54-193 (b) were tolled after the warrant was issued on February 3, 1998.

In *State* v. *Crawford*, 202 Conn. 443, 450, 521 A.2d 1034 (1987), our Supreme Court stated that once an arrest warrant is issued and delivered to the proper officer for service, the "prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, [and] the statute of limitations is tolled." Our Supreme Court concluded that "[a]n accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation. . . .

"[I]n order to toll the statute of limitations, [however] an arrest warrant, when issued within the time limitations of § 54-193 (b), must be executed without *unreasonable delay*. . . . We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused co*nsciously eluded the authorities*, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations." (Citations omitted; emphasis added.) Id., 450–51. The

defendant has the burden to prove the affirmative defense that the prosecution is barred by the statutes of limitation. Id., 451. "[O]nce a defendant puts forth evidence to suggest [however] that [he] was not elusive, was available and was readily approachable, the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable." (Internal quotation marks omitted.) *State* v. *Woodtke*, 130 Conn. App. 734, 740, 25 A.3d 699 (2011).

In this case, the defendant eluded authorities and was difficult to apprehend, as he was living in Colorado, which the authorities did not know. The trial court determined that the defendant was elusive, "[g]iven the sequence of events in this particular case: the allegations of sexual abuse of September 20, 1997; the defendant's confrontation with his wife over the allegations and his removal from the household; the subsequent complaint of vaginal, sexual assault [made to the police on] December 11, 1997; the inability of the police to locate the defendant during the investigation; and the abrupt departure from his wife and child and relocation in the state of Colorado by December 16, 1997 . . . ." Judge Fasano continued: "[T]he fact that the defendant lived at multiple addresses in Colorado, managed to become incarcerated in a Colorado prison, registered as a sex offender and placed on a probationary status, filed tax returns, etc., hardly qualifies as making oneself available, approachable and readily discoverable to authorities in Connecticut, though, it certainly qualifies as evidence of an intent to establish a permanent residence in Colorado, far from the police department investigating the allegations of sexual abuse." The defendant did not prove on appeal that Judge Fasano's factual findings were clearly erroneous. Given that conclusion, the burden of proof never shifted to the state, but rather remained with the defendant.

Judge Fasano further found that the defendant did not allege actual prejudice in support of his due process claim. "For the defendant to succeed on his claim, a showing of delay will not in and of itself suffice to show prejudice, except in an extreme case, and actual prejudice vel non is the focal point of the inquiry." (Internal quotation marks omitted.) *State* v. *Pittman*, supra, 123 Conn. App. 780. In this case, Judge Fasano found that "[a]ny prejudice, under the circumstances here, is minimal and speculative." We agree with the court's finding.

"To evaluate unreasonable delay and due diligence, we must also consider the police department's actions in executing the warrant." *State* v. *Woodtke*, supra, 130 Conn. App. 744. In the present case, the defendant argues that he was available to police and easily discoverable in Colorado because he paid taxes, held a driver's license, maintained employment, complied with the requirement to register as a sex offender with five

different police departments in Colorado for an unrelated conviction, and received service of divorce papers and orders of child support from his wife, who remained in Connecticut. The police entered the defendant's warrant into the FBI's National Crime Information Center database and conducted computer searches for the defendant in 2006 and 2008. The court found that an error in the national database system prevented the Meriden police from being alerted to the defendant's arrests and proceedings in Colorado. Judge Fasano was "satisfied that, under the circumstances of this case, though the police efforts may be characterized as minimal, they were sufficient." Thus, we cannot conclude that the period of alleged delay in this case was unreasonable or that the state violated the defendant's right to due process, and, therefore, we conclude that the court properly denied the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that although §§ 54-193a and 54-193 (b) have been amended since the date of the crimes in 1997, the amendments to those statutes are not relevant to the claims on appeal. Accordingly, we refer to the current revision of those statutes.

[2] Approximately twelve years and eight months transpired between the date the arrest warrant was issued and when it was served on the defendant in Colorado.

[3] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[4] On December 11, 1997, the victim gave the police a written statement alleging that forced penile-vaginal intercourse occurred on the night of September 20, 1997.

[5] In his memorandum of decision, Judge Fasano noted that the defendant's wife obtained a divorce from the defendant, who defaulted on his appearance in December, 1998; that the defendant lived at approximately seven different addresses in Colorado; was arrested and incarcerated in Colorado on charges of burglary in the second degree and sexual assault in the third degree; and had registered in Colorado as a sex offender.