******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TYRONE
LAWRENCE KELLEY
(SC 19694)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa,
Robinson and D'Auria, Js.*

*Syllabus*

Pursuant to statute (§ 53a-31 [b]), "[t]he issuance of a warrant" for a probation violation pursuant to the statute (§ 53a-32) governing such violations "shall interrupt the period of the sentence until a final determination as to the violation has been made by the court."

The defendant, who previously had been convicted of a narcotics offense and sentenced to imprisonment followed by a period of probation, appealed from the judgment of the trial court, which found him in violation of his probation on the basis of his subsequent arrest for various crimes. The defendant's five year period of probation commenced after his release from incarceration in 2008, and one of the conditions of probation required that he not violate the criminal law of any state. In October, 2009, the defendant was arrested and charged with various drug offenses, and an arrest warrant was issued shortly thereafter in December, 2009, for his alleged violation of probation. In 2011, while the probation violation charge was pending, the defendant again was arrested for his alleged commission of a robbery. The probation violation charge was tried with the robbery charge in 2014, more than four years after his arrest for violating probation and about eight months after his five year term of probation was originally scheduled to expire. After finding that the defendant had violated the conditions of his probation, the trial court rendered judgment revoking his probation and sentencing him to additional incarceration. On appeal to the Appellate Court, the defendant claimed, inter alia, that the trial court lacked subject matter jurisdiction to revoke his probation because it did not resolve the probation violation charge until after his original probation term was scheduled to expire. The Appellate Court concluded that the issuance of the arrest warrant for the defendant's violation of probation interrupted the running of the defendant's probation term pursuant to § 53a-31 (b) until the trial court resolved the probation violation charge and that the trial court thus had jurisdiction to revoke the defendant's probation. The defendant, on the granting of certification, appealed to this court. *Held* that the Appellate Court correctly determined that the trial court had subject matter jurisdiction when it revoked the defendant's probation: in accordance with the plain meaning of the text of § 53a-31 (b), the issuance of the warrant for the defendant's arrest for his probation violation in 2009 triggered the interruption of the running of his probation term until the trial court resolved the probation violation charge in 2014, and, accordingly, the defendant's five year probation term did not expire in 2013, when it was originally scheduled to expire, and the trial court did not lose jurisdiction to conduct a hearing and to revoke the defendant's probation in 2014; moreover, the defendant could not prevail on his claim that the trial court's failure to comply with the language in § 53a-32 (c) providing that, unless good cause is shown, a probation violation charge shall be disposed of or scheduled for a hearing not later than 120 days after the defendant is arraigned on such a charge meant that the defendant's probation term was not interrupted by the issuance of the warrant for the defendant's arrest, as the text of § 53a-31 (b) and the legislative history of the 120 day limit in § 53a-32 (c) made it clear that a failure to comply with the 120 day limit, even without a finding of good cause, does not impact the interruption of a probation sentence by the issuance of an arrest warrant under § 53a-31 (b).

Argued March 29—officially released September 5, 2017

*Procedural History*

Information charging the defendant with violation of probation, brought to the Superior Court in the judicial

district of New Haven and tried to the court, *Vitale, J.*; judgment revoking the defendant's probation, from which the defendant appealed to the Appellate Court, *Gruendel, Alvord* and *West, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Affirmed.*

*Robert E. Byron*, assigned counsel, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, former state's attorney, *Maxine V. Wilensky*, senior assistant state's attorney, and *Lisamaria Proscino*, former special deputy assistant state's attorney, for the appellee (state).

*Opinion*

D'AURIA, J. In this certified appeal, we address whether a trial court has subject matter jurisdiction over a probation violation charge that is adjudicated after the defendant's probation sentence was originally scheduled to expire. The trial court in the present case found that the defendant, Tyrone Lawrence Kelley, had violated his probation conditions and revoked his probation, but it did so after his probation sentence was originally set to expire. The defendant claimed before the Appellate Court that the trial court lacked subject matter jurisdiction when it decided the violation charge. The Appellate Court disagreed and affirmed the trial court's judgment. *State* v. *Kelley*, 164 Conn. App. 232, 242, 244, 137 A.3d 822 (2016). We conclude that the defendant's probation sentence had not expired at the time the trial court decided the violation charge because, pursuant to General Statutes § 53a-31 (b),[1] the running of his sentence had been interrupted while the violation charge was pending. We therefore affirm the judgment of the Appellate Court.

The record reveals the following facts relevant to this appeal. The defendant was originally sentenced for a narcotics conviction to nine years of incarceration, execution suspended after four years, followed by five years of probation.[2] After he completed his period of incarceration, his probation began on September 19, 2008, and his sentence was originally scheduled to expire in September, 2013. His probation conditions included that he not violate the criminal law of any state. Thirteen months into his five year probation term, in October, 2009, the defendant was arrested and charged with a variety of drug related offenses. As a result, an arrest warrant was issued in December, 2009, and he was later arrested and charged with violating his probation conditions.

While the violation charge remained pending, the defendant was arrested again for robbery in August, 2011.[3] The defendant's violation charge was tried at the same time as his robbery charge, in May, 2014—more than four years after his arrest for violation of probation, and about eight months after his probation sentence was originally scheduled to expire. The precise reason for the delay in trying the violation charge is unclear from the record, although it appears that, at some point, the parties agreed to try the violation charge together with the defendant's robbery charge.[4]

After trial, the trial court found that the defendant had violated his probation conditions and concluded that further probation would serve no beneficial purpose. The trial court therefore rendered judgment revoking the defendant's probation and sentencing him to the remaining five years of incarceration that were suspended as part of his original sentence.

The defendant appealed from the judgment of the trial court to the Appellate Court, claiming for the first time that the trial court lacked subject matter jurisdiction to revoke his probation.[5] *State* v. *Kelley*, supra, 164 Conn. App. 236. He argued that the trial court did not have jurisdiction because it did not resolve the violation charge until after his original probation term was scheduled to expire. See id. The Appellate Court disagreed that the sentence had expired. See id., 238. Consistent with its prior cases, the Appellate Court concluded that, pursuant to § 53a-31 (b), the issuance of a warrant for the probation violation interrupted the running of the probation sentence until the violation charge was adjudicated.[6] See id., 237–38. The Appellate Court therefore concluded that the defendant's probation sentence had not expired when the trial court decided the violation charge and that the trial court therefore had subject matter jurisdiction over the probation revocation proceeding. See id., 238, 242.

We granted certification to address the following question: "Did the Appellate Court properly determine that the trial court had subject matter jurisdiction over the defendant's violation of probation proceeding?" *State* v. *Kelley*, 321 Conn. 915, 136 A.3d 646 (2016). Applying plenary review; see, e.g., *State* v. *Fowlkes*, 283 Conn. 735, 738, 930 A.2d 644 (2007); we agree with the Appellate Court that the trial court had subject matter jurisdiction when it revoked the defendant's probation. Even if we assume, as the defendant urges, that a trial court loses jurisdiction over a violation of probation proceeding once the sentence expires, we nevertheless conclude that the defendant's probation sentence in the present case had not yet expired when the trial court revoked his probation.[7]

"Probation is the product of statute." *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988). To determine whether the defendant's probation expired before his revocation trial, we therefore look to the relevant probation statutes, mindful of the plain meaning rule codified at General Statutes § 1-2z.

The statutes governing probation establish that the timely issuance of an arrest warrant for a probation violation interrupts the running of the sentence, and the sentence remains interrupted until the court resolves the violation charge. Specifically, under § 53a-31 (a), when a defendant's sentence of probation follows a period of incarceration, probation commences on the day of the inmate's release from incarceration and generally continues until its scheduled expiration under the terms of the original sentence imposed by the trial court. The running of the probation sentence may be "interrupt[ed]," however, under certain circumstances. General Statutes § 53a-31 (b). One such circumstance is when a probationer violates one of the conditions of his probation and an arrest warrant is

issued for that violation under General Statutes § 53a-32. In that circumstance, § 53a-32 (a) allows the probation officer to obtain an arrest warrant, which must be obtained during the period of the defendant's probation sentence. Under § 53a-31 (b), the issuance of such a warrant automatically triggers an "interrupt[ion]" of the probation sentence, essentially tolling the sentence until the violation charge is adjudicated. Section 53a-31 (b) provides in relevant part that "[t]he issuance of a warrant . . . for violation pursuant to section 53a-32 shall interrupt the period of the sentence until a final determination as to the violation has been made by the court." The statute thus unambiguously provides that the probation sentence is interrupted upon the timely issuance of an arrest warrant, and the sentence remains interrupted until the trial court resolves the violation charge.

During the interruption, the defendant must comply with the conditions of probation imposed by his original sentence, even though he is not serving his probation sentence while the violation charge is pending. General Statutes § 53a-31 (c). At the violation hearing, if a violation of probation is established, the trial court has the option of simply continuing the term of probation, which would resume the running of the probation sentence, or imposing other penalties, including a revocation of the defendant's probation. General Statutes § 53a-32 (d).

In the present case, the defendant was released from prison on September 19, 2008, and his probation commenced that same day. See General Statutes § 53a-31 (a). Given that the court originally sentenced him to five years of probation, his probation would have expired in September, 2013, as scheduled, if he had not been arrested for any violations. In December, 2009, however, an arrest warrant was issued for his violation of the probation condition prohibiting him from violating the criminal law of any state. The defendant's arrest warrant was issued expressly for the defendant's violation of § 53a-32. In accordance with the plain meaning of § 53a-31 (b), the issuance of the warrant interrupted the running of his sentence of probation after the defendant had served just fifteen months of that sentence, and it remained interrupted until the trial court resolved the violation charge in May, 2014.

Given the valid interruption of the sentence from December, 2009, until the trial court's resolution of the violation charge in May, 2014, the defendant's probation did not expire in September, 2013, as originally scheduled. In fact, more than three years still remained on his probation sentence as of the resolution of the violation charge in May, 2014. Because his probation had not yet expired, the trial court did not lose subject matter jurisdiction to conduct the probation violation hearing and revoke the defendant's probation in May, 2014.

Accordingly, the trial court's revocation of probation and institution of the defendant's original suspended sentence was proper, and we reject the defendant's argument that the trial court lacked subject matter jurisdiction over his probation violation proceeding.

The defendant agrees that § 53a-31 (b) allows for the interruption of a probation sentence but nevertheless argues that his probation sentence was not interrupted. He contends that the interruption contemplated in § 53a-31 (b) applies only when the arrest warrant is issued "pursuant to section 53a-32," and § 53a-32 (c) provides in relevant part that, "[u]nless good cause is shown, a charge of violation of any of the conditions of probation . . . shall be disposed of or scheduled for a hearing not later than one hundred twenty days after the defendant is arraigned on such charge." The defendant contends that, because the trial court did not comply with the 120 day time limit, and otherwise did not find good cause for delaying the hearing, the issuance of the warrant was no longer pursuant to § 53a-32, and his probation sentence was not interrupted under § 53a-31 (b).[8] We disagree.

The interruption under § 53a-31 (b) is triggered simply by the *issuance* of a warrant pursuant to § 53a-32, regardless of how long it takes the trial court to resolve the violation charge. See General Statutes § 53a-31 (b) ("[t]he issuance of a warrant . . . for violation pursuant to section 53a-32 shall interrupt the period of the sentence until a final determination as to the violation has been made by the court"). Section 53a-31 (b) contains no other conditions for triggering an interruption of the sentence, and nothing in that section makes continued interruption contingent on compliance with the 120 day time limit in § 53a-32 (c). Although § 53a-32 contains numerous procedures for resolving a violation charge, § 53a-31 (b) does not require compliance with all of them to maintain the interruption of the defendant's sentence. Instead, by the terms of § 53a-31 (b), the interruption commences when the warrant is issued, and it continues until the trial court finally determines the violation charge, whenever that may be. Whatever the consequence may be for failing to comply with the 120 day time limit, it has no impact on the interruption of the probation sentence.

Even if it were unclear whether the legislature intended the 120 day limit in § 53a-32 (c) to impact the interruption of the probation sentence, the legislative history of the public act that established the 120 day limit dispels any doubt about our conclusion.[9]

The 120 day limit was adopted as part of No. 08-102 of the 2008 Public Acts (P.A. 08-102), which amended several of the probation statutes. The legislative history surrounding P.A. 08-102, § 7, unequivocally demonstrates that the legislature did not intend for a failure to comply with the 120 day limit to carry any consequences

affecting the defendant's probation sentence. During the floor debate in the House of Representatives, Representative Michael P. Lawlor explained the extent to which noncompliance with the 120 day provision was intended to have consequences. He stated, "this is basically a *guideline, goal,*" and, consequently, "there may be circumstances . . . [that] require an extension of time . . . ." (Emphasis added.) 51 H.R. Proc., Pt. 13, 2008 Sess., p. 4225. "There would be *no right of the defendant to have a hearing in* [*120*] *days under this* . . . ." (Emphasis added.) Id. "It is . . . *advisory* on the court . . . ." (Emphasis added.) Id. He reiterated that "[t]here may be circumstances [that] the court can deal with on a case-by-case basis . . . [that require] an extension of that period of time . . . ." Id., p. 4226.

One legislator, State Representative Arthur J. O'Neill, asked directly about the consequences of a judge's failure to dispose of the matter within 120 days: "[I]n the event that a judge does not dispose of the matter within 120 days, and also at the same time fails to find good cause for not disposing of it within that 120 days, is there a penalty on anyone, and if so, what is it?" Id. Representative Lawlor replied: "I guess the penalty is . . . sooner or later the judge's term is going to come up for expiration, and [has] to come back before the [l]egislature." Id., p. 4227. "Individual judges are being informed that this will be a part of their confirmation process. If they are consistently late . . . then they will be questioned on that extensively before the court." Id. "So I think at the end of the day that is the real penalty." Id., p. 4228.

The legislative history is thus devoid of any indication that the legislature intended the 120 day limit to have any consequences affecting the length of a defendant's probation.[10] Trial judges should, of course, diligently seek to comply with the time limitation or find on the record good cause for delaying resolution of a violation charge. We conclude, however, that exceeding the 120 day limit, even without a finding of good cause, does not impact the interruption of a probation sentence under § 53a-31 (b). We therefore reject the defendant's argument that a trial court's failure to comply with this time limit impacts the running of his probation sentence.[11]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 53a-31 (b) provides in relevant part: "The issuance of a warrant . . . for violation pursuant to section 53a-32 shall interrupt the period of the sentence until a final determination as to the violation has been made by the court. . . ."

[2] The defendant was convicted on one count of the sale of, or possession with intent to sell, a hallucinogenic or narcotic substance, in violation of General Statutes § 21a-277 (a).

[3] The defendant was also arrested for robbery in June, 2013, and for home invasion in October, 2013.

[4] Although the defendant characterizes the delay as "unexplained," it appears he did not provide us with all of the trial court transcripts concerning the violation charge, which might have revealed the cause of the delay. Ordinarily, "[i]t is the responsibility of the appellant to provide an adequate record for review." *Brown & Brown, Inc.* v. *Blumenthal*, 288 Conn. 646, 656 n.6, 954 A.2d 816 (2008), quoting Practice Book § 61-10 (a). The lack of an explanation for the delay has no impact on our resolution of this appeal, because, as we explain further in this opinion, the defendant cannot prevail regardless of the reason for the delay.

[5] Ordinarily, an unpreserved claim is unreviewable on appeal. The defendant's unpreserved claim was properly before the Appellate Court, however, because it implicated subject matter jurisdiction, which may be challenged at any time, including for the first time on appeal. See, e.g., *State* v. *Velky*, 263 Conn. 602, 605 n.4, 821 A.2d 752 (2003).

[6] The Appellate Court has consistently concluded that, under § 53a-31 (b), the issuance of an arrest warrant for a violation under General Statutes § 53a-32 essentially tolls the running of the sentence until the trial court resolves the violation charge. See *State* v. *Gibson*, 114 Conn. App. 295, 318, 969 A.2d 784 (2009), rev'd in part on other grounds, 302 Conn. 653, 31 A.3d 346 (2011); *State* v. *Johnson*, 75 Conn. App. 643, 656–57, 817 A.2d 708 (2003); *State* v. *Klinger*, 50 Conn. App. 216, 221–22, 718 A.2d 446 (1998); *State* v. *Yurch*, 37 Conn. App. 72, 83, 654 A.2d 1246 (1995); *State* v. *Egan*, 9 Conn. App. 59, 73, 514 A.2d 394 (1986); see also Black's Law Dictionary (10th Ed. 2014) p. 1716 (defining verb "toll" as "to stop the running of; to abate"). As we explain in this opinion, we agree with the Appellate Court's interpretation of § 53a-31 (b).

[7] The state contends that the issue in this case implicates the trial court's authority instead of its jurisdiction. See *State* v. *Fowlkes*, supra, 283 Conn. 746 ("Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and [to] determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute." [Internal quotation marks omitted.]). Because we conclude that the defendant cannot prevail even if the issue is one of jurisdiction, we need not address this distinction.

[8] The defendant's argument differs somewhat from the argument he made in the Appellate Court concerning the 120 day time limit and its impact on the trial court's subject matter jurisdiction. See *State* v. *Kelley*, supra, 164 Conn. App. 239–42. The state therefore argues that the defendant's newly cast argument is not properly preserved and that we should therefore decline to address it. We conclude that, even if the defendant would ordinarily be required to preserve these arguments by raising them in the trial court or the Appellate Court, we must address them because they implicate the trial court's subject matter jurisdiction. See footnote 5 of this opinion.

[9] The defendant suggests that, if § 53a-31 (b) is ambiguous about whether a trial court must comply with the 120 day limit in § 53a-32 (c), then any ambiguity should be resolved in the defendant's favor under the rule of lenity. We disagree. Although "[t]he touchstone of [the] rule of lenity is statutory ambiguity," it is also true that "courts do not apply the rule of lenity unless a reasonable doubt persists about a statute's intended scope *even after resort to the language and structure, legislative history, and motivating policies of the statute*." (Emphasis in original; internal quotation marks omitted.) *State* v. *Lutters*, 270 Conn. 198, 219, 853 A.2d 434 (2004). As we explain in this opinion, we have no such doubt about the meaning of the statutes at issue in the present case.

[10] The defendant cites to *State* v. *Kevalis*, 313 Conn. 590, 99 A.3d 196 (2014), for the proposition that the revocation hearing "must" take place within the 120 day timeframe. That case, however, focused on an accelerated rehabilitation statute; see id., 600–601; and its cursory summary of § 53a-32 without any analysis of its provisions was dictum. See id., 602. *Kevalis* also did not address the consequences, if any, of failing to comply with the 120 day time limit.

[11] Because the defendant did not file all of the trial court transcripts concerning the violation charge with this court; see footnote 4 of this opinion; we do not know whether the trial court made a good cause finding on the record in this case. Because we reject the defendant's interpretation of §§ 53a-31 (b) and 53a-32 (c), however, we do not consider the impact of an inadequate record.