******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* JACQUI SMITH
## (AC 38832)

DiPentima, C. J., and Sheldon and Mihalakos, Js.

*Syllabus*

The defendant, who had been on probation in connection with his conviction of certain drug related offenses, appealed to this court from the judgment of the trial court revoking his probation and imposing a sentence of five years incarceration. The defendant was arraigned on a violation of probation charge after the police had observed him driving a motor vehicle while his driver's license was under suspension in violation of the applicable statute (§ 14-215 [a]). Thereafter, the defendant moved to dismiss the probation violation charge on the ground that a hearing did not occur within 120 days of his arraignment in violation of the statute (§ 53a-32 [c]) pertaining to violation of probation, which the trial court denied. Subsequently, the court found, by a preponderance of the evidence, that the defendant had wilfully violated the terms and condition of his probation, and that the beneficial aspects and purposes of probation were no longer being served. In addition to finding that the defendant had violated his probation by violating § 14-215 (a), the court also found that he had violated certain other conditions of his probation regarding reporting his whereabouts to his probation officer. *Held*:

1. The defendant could not prevail on his claim that, pursuant to § 53a-32 (c), the trial court improperly denied his motion to dismiss the violation of probation charge because the plain language of § 53a-32 (c) establishes a mandatory time period, 120 days from the arraignment, in which the probation violation hearing must occur, and the state failed to establish good cause for extending that time period; this court previously has determined that the 120 day limitation of § 53a-32 (c) is advisory and not jurisdictional in nature, as neither the text of § 53a-32 (c) nor the legislative history concerning the addition of the 120 day language to the statute indicated that that time period implicated the subject matter jurisdiction of the trial court, our Supreme Court also has concluded that the 120 day time limitation was a guideline that was advisory, and not mandatory, on the trial court, and this court was not at liberty to disregard the decisions from our Supreme Court or the decisions from another panel of this court.

2. The evidence was insufficient to prove that the defendant had operated a motor vehicle while his driver's license was under suspension in violation of § 14-215 (a), as the state did not produce any evidence that the Department of Motor Vehicles had mailed a notice of suspension to the defendant's last known address, which is a necessary element for a violation of that statute; moreover, because the trial court expressly relied on the violation of § 14-215 (a) in sentencing the defendant to five years incarceration, the defendant was entitled to a new sentencing hearing.

Argued October 11—officially released December 19, 2017

*Procedural History*

Information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Fairfield, where the court, *Devlin, J.*, denied the defendant's motion to dismiss; thereafter, the matter was tried to the court, *Kavanewsky, J.*; judgment revoking the defendant's probation, from which the defendant appealed to this court. *Reversed in part; further proceedings*.

*Laila M. G. Haswell*, senior assistant public defender, for the appellant (defendant).

*Robert J. Scheinblum*, senior assistant state's attor-

ney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Jacqui Smith, appeals from the judgment of the trial court revoking his probation and sentencing him to five years incarceration. The defendant claims that (1) the court improperly denied his motion to dismiss the probation violation charge on the basis that the hearing did not occur within 120 days of his arraignment in violation of General Statutes § 53a-32 (c) and (2) the evidence was insufficient to prove that he had operated a motor vehicle while his driver's license was under suspension in violation of General Statutes § 14-215 (a) and, therefore, he is entitled to a new sentencing hearing. The state counters that, pursuant to *State* v. *Kelley*, 164 Conn. App. 232, 137 A.3d 822 (2016), aff'd, 326 Conn. 731, 167 A.3d 961 (2017), the 120 day time frame of § 53a-32 (c) is directory and, additionally, that the court properly found good cause for the delay. The state concedes, however, that there was insufficient evidence for the court to conclude that the defendant had violated § 14-215 (a), and, therefore, under these facts and circumstances, the defendant is entitled to a new sentencing hearing. We conclude that the court properly determined that the 120 day time period of § 53a-32 (c) is a nonmandatory "guideline." Further, we agree that a new sentencing hearing is required. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are necessary for our discussion. The defendant was convicted of drug related offenses in January, 2013, and sentenced to ten years incarceration, execution suspended after three years, and three years of probation. He was released from custody on April 1, 2015, and first reported to his probation officer on April 9, 2015. During this meeting, the probation officer reviewed the conditions of probation with the defendant.

The standard conditions of probation provided, inter alia, that the defendant was not to violate any criminal law of the United States or the state of Connecticut, that he was to report as instructed to the probation officer and that he was to inform the probation officer if he was arrested. The specific conditions of probation required the defendant to complete a mental health evaluation, to complete a substance abuse evaluation and treatment, if necessary, to obtain full-time employment and/or educational/vocational training, to attend one "Project Safe Neighborhood Meeting" within the first three months of probation and not to possess drugs, narcotics or weapons. The defendant signed a form listing the conditions of his probation.

On June 15, 2015, the state charged the defendant with violating his probation. See General Statutes § 53a-32 (a). It alleged that on May 25, 2015, Bridgeport police

officers observed the defendant driving a motor vehicle and noticed that the occupants were not wearing seatbelts. After a brief investigation, the officers issued the defendant a misdemeanor summons for operating a motor vehicle while his driver's license was under suspension in violation of § 14-215 (a) and without minimum insurance in violation of General Statutes § 14-213b. The state also claimed that the defendant had missed four appointments for an integrated mental health and substance abuse assessment. The defendant was arraigned on the violation of probation charge on June 30, 2015.

On December 16, 2015, the defendant moved to dismiss the probation violation charge pursuant to § 53a-32 (c). Specifically, the defendant argued that he had "been held on this charge for more than 120 days in violation of said statute." On December 21, 2015, the court, *Devlin, J.*, held a hearing on the defendant's motion. After hearing from the parties, the court ruled as follows: "[A]s I read this statute, it is advisory. This is a statute which advises the court of the legislature's concern. . . . [T]he statute does not provide that the remedy for not having someone adjudicated on their violation of probation case is a dismissal of the charge. It doesn't provide for that. . . . So, I'm going to deny this motion to dismiss."

The next day, the court, *Kavanewsky, J.*, conducted a hearing on the probation violation charge. At the conclusion of the adjudicatory phase,[1] the court found the following facts. "The state has established that the defendant violated the terms and conditions of his probation in several different respects, including reporting as the probation officer directed him to, keep the probation officer advised of his general whereabouts, also more specific conditions relating to the defendant obtaining mental health, regarding substance abuse and regarding attendance at, at least one project safe neighborhood meeting." It further found that the defendant had been advised of these conditions in April, 2015, but essentially "dropped off the radar" in May, 2015.

The court also expressly found, on the basis of the testimony of two police officers, that the defendant had operated a motor vehicle in violation of § 14-215 (a) on May 25, 2015. Accordingly, the court found, by a preponderance of the evidence,[2] that the defendant wilfully had violated the terms and conditions of his probation.

During the dispositional phase, the court determined that the beneficial aspects and purposes of probation were no longer being served. The court then stated: "[The defendant] was previously sentenced to ten years, suspended after three years, with three years' probation. The judgment previously entered is reopened. The sentence is vacated and the defendant is sentenced . . . to a period of five years to serve . . . ." This

appeal followed.

On October 4, 2016, the trial court issued a memorandum of decision further explaining the oral decision denying the defendant's motion to dismiss. It concluded that our decision in *State* v. *Kelley*, supra, 164 Conn. App. 232, was dispositive. Specifically, the court noted that in *Kelley*, which had been released after the hearing and oral decision on the defendant's motion to dismiss, we concluded that the 120 day limitation of § 53a-32 (c) is a "goal" and a "guideline," not a jurisdictional requirement. Id., 240. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion to dismiss the violation of probation charge. Specifically, he argues that the plain language of § 53a-32 (c) establishes a mandatory time period, 120 days from the arraignment, in which the probation violation hearing must occur. He also contends that the state failed to establish good cause for extending this time period. We are not persuaded.

We begin with our standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *State* v. *Pittman*, 123 Conn. App. 774, 775, 3 A.3d 137, cert. denied, 299 Conn. 914, 10 A.3d 530 (2010); see also *State* v. *Soldi*, 92 Conn. App. 849, 852–53, 887 A.2d 436, cert. denied, 277 Conn. 913, 895 A.2d 792 (2006). The defendant also challenges the court's interpretation of § 53a-32 (c), and we consider this question of law under the plenary standard of review. See, e.g., *State* v. *Smith*, 289 Conn. 598, 608, 960 A.2d 993 (2008).

Section 53a-32 (c) provides: "Upon notification by the probation officer of the arrest of the defendant or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge, shall be advised by the court that such defendant has the right to retain counsel and, if indigent, shall be entitled to

the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in such defendant's own behalf. *Unless good cause is shown, a charge of violation of any of the conditions of probation or conditional discharge shall be disposed of or scheduled for a hearing not later than one hundred twenty days after the defendant is arraigned on such charge.*" (Emphasis added.)

In *State* v. *Kelley*, supra, 164 Conn. App. 239, the defendant claimed, inter alia, that the 2008 amendment to § 53a-32 (c) created a jurisdictional requirement that a probation revocation hearing occur within 120 days of the arraignment, absent good cause. We rejected that argument for two reasons. Id. First, we noted that "[t]he existence of the 'good cause' exception specified in § 53a-32 (c) undermines that contention, as subject matter jurisdiction is a prerequisite to adjudication that 'cannot be waived by anyone, including [the] court.' . . . The trial court's ability to waive the 120 day limitation for good cause cannot be reconciled with that fundamental precept." (Citation omitted.) Id., 239–40.

Second, we noted the legislative history regarding the 2008 enactment of the 120 day limitation demonstrated that it was intended to be "a goal, rather than a jurisdictional bar." Id., 240. Specifically, Representative Michael P. Lawlor "distinguished the 120 day limitation from 'the speedy trial mechanism,' noting that 'the speedy trial is a right . . . . [T]his [120 day limitation] is not the same thing, this is basically a guideline, [a] goal being articulated by the Legislature imposed on the judge really to bring a case to hearing.' " Id. Lawlor emphasized that "[t]here would be no right of the defendant to have a hearing in 120 days under [§ 53a-32 (c)] . . . . It is advisory on the part of the Legislature . . . ." (Internal quotation marks omitted.) Id., 241. In response to a question from Representative Arthur J. O'Neil, Lawlor stated that the only penalty for noncompliance with the 120 day limitation would be questions that the trial judge would have to face at a future reconfirmation proceeding before the legislature. Id. Thus, we concluded "[t]hat [the] legislative history further persuades us that the 120 day limitation of § 53a-32 (c) is not jurisdictional in nature." Id. See also *State* v. *Brown*, Superior Court, judicial district of New Britain, Docket No. CR-05-0224052-S (July 5, 2012) (court concluded that 120 day period was not a right, but rather "a guideline," and dismissal not appropriate remedy).

In the present case, the court held the hearing on December 22, 2015, 175 days after the June 30, 2015 arraignment. The court initially concluded, in its oral decision, that the 120 day limitation of § 53a-32 (c) was advisory, and, thus, a violation of that limitation would not require a dismissal. Following the release of our decision in *State* v. *Kelley*, supra, 164 Conn. App. 232, the trial court issued a memorandum of decision on

October 4, 2016. In addition to relying on *Kelley* for the denial of the motion to dismiss,[3] the court also found good cause for the delay of the hearing.[4]

On appeal, the defendant argues that the plain language of § 53a-32 (c) establishes a mandatory, rather than a directory,[5] rule that the hearing must occur within 120 days, absent good cause. The defendant, in essence, urges us to ignore the judicial gloss placed on § 53a-32 (c) by both this court and our Supreme Court in the *Kelley* decisions. See, e.g., *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 271, 777 A.2d 645 (2001) (Supreme Court considered "well established judicial gloss" from prior cases in interpreting statute). Although the specific issue in *State* v. *Kelley*, supra, 164 Conn. App. 240–41, was whether the 120 day limitation was jurisdictional, we concluded that the 120 day time period was a "goal," a "guideline" and "advisory on the part of the Legislature . . . ." (Internal quotation marks omitted.) Following its granting of certification to appeal, our Supreme Court agreed, noting the legislative history that the 120 time period of § 53a-32 (c) was "advisory on the court" and did not create a right to a hearing within that time period. (Emphasis omitted; internal quotation marks omitted.) *State* v. *Kelley*, 326 Conn. 731, 740, 167 A.3d 961 (2017). We are not at liberty to disregard the decisions from our Supreme Court; see *State* v. *Holley*, 174 Conn. App. 488, 495, 167 A.3d 1000, cert. denied, 327 Conn. 907, 170 A.3d 3 (2017); or the decisions from another panel of this court. *State* v. *Jahsim T.*, 165 Conn. App. 534, 545, 139 A.3d 816 (2016). Accordingly, we conclude that the trial court properly denied the defendant's motion to dismiss.[6]

## II

The defendant next claims that the evidence was insufficient to prove that he had operated a motor vehicle while his driver's license was under suspension and, therefore, that he is entitled to a new sentencing hearing. Specifically, he argues that the state did not produce any evidence that the Department of Motor Vehicles had mailed a notice of suspension to his last known address, a necessary element for a violation of § 14-215 (a).[7] The state concedes that this element was not met, and that resentencing is required in this case. We agree with the parties.

At the outset, we set forth our standard of review. "The law governing the standard of proof for a violation of probation is well settled. . . . [A]ll that is required in a probation violation proceeding is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation. . . . It is also well settled that a trial court may not find a violation of probation unless it finds that the predicate facts underlying the violation have been established by a preponderance of the evidence at the

hearing—that is, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Accordingly, [a] challenge to the sufficiency of the evidence is based on the court's factual findings. The proper standard of review is whether the court's findings were clearly erroneous based on the evidence. . . . A court's finding of fact is clearly erroneous and its conclusions drawn from that finding lack sufficient evidence when there is no evidence in the record to support [the court's finding of fact] . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *State* v. *Acker*, 166 Conn. App. 404, 407, 141 A.3d 938 (2016).

In *State* v. *Valinski*, 254 Conn. 107, 130, 756 A.2d 1250 (2000), our Supreme Court stated that a conviction under § 14-215 (a) requires two elements: "(1) that the defendant was operating a motor vehicle; and (2) that the defendant's license or operating privileges were under suspension at the time." (Internal quotation marks omitted.) The second element, "suspension by the commissioner, requires proof of compliance with General Statutes § 14-111 (a).

"[Section] 14-111 (a) does not require personal service of a notice of suspension but provides that a notice forwarded by bulk certified mail to the address of the person registered as owner or operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice to such person . . . . The statute does not require that a defendant actually receive notice, or that a motor vehicle department receive a return receipt. Constructive notice by the motor vehicle department is all that is required. . . . The requirements of § 14-111 (a) were satisfied by a showing of competent evidence that notice of the suspension was mailed to the defendant at his last known address as indicated by the records of the commissioner." (Citation omitted; internal quotation marks omitted.) *State* v. *Torma*, 21 Conn. App. 496, 501, 574 A.2d 828 (1990).

In the present case, the state failed to produce any evidence that notice of the suspension had been mailed to the defendant at his last known address. The state agrees that the absence of such evidence prevents a finding that the defendant violated § 14-215 (a). The state further agrees that the defendant is entitled to a new sentencing hearing because the court expressly relied on the violation of § 14-215 (a) in sentencing the defendant to five years incarceration. See *State* v. *Johnson*, 75 Conn. App. 643, 660–61, 817 A.2d 708

(2003).

The judgment is reversed only as to the sentence imposed and the case is remanded with direction to resentence the defendant; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] "Our Supreme Court has recognized that revocation of probation hearings, pursuant to § 53a-32, are comprised of two distinct phases, each with a distinct purpose. . . . In the evidentiary phase, [a] factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. . . . In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) *State* v. *Altajir*, 123 Conn. App. 674, 680–81, 2 A.3d 1024 (2010), aff'd, 303 Conn. 304, 33 A.3d 193 (2012); see also *State* v. *Preston*, 286 Conn. 367, 375–76, 944 A.2d 276 (2008).

[2] See *State* v. *Fisher*, 121 Conn. App. 335, 345, 995 A.2d 105 (2010) (state bears burden of proving by fair preponderance of evidence that defendant violated terms of his probation).

[3] Specifically, the court stated: "Although not decided at the time of the hearing, the present motion [to dismiss] is governed by the Appellate Court's decision in *State* v. *Kelley*, [supra], 164 Conn. App. 232 . . . . *Kelley* is persuasive authority for the proposition that a violation of the 120 day limitation does not require dismissal of the [violation of probation] charge. There is nothing in either the wording of § 53a-32 (c) or in its legislative history suggesting that dismissal should be the sanction for a failure to dispose of a [violation of probation] case within 120 days of arrest. To the contrary, the advisory nature of the time limitation is apparent."

[4] With respect to the issue of good cause, the court determined that "the reason that the defendant's [violation of probation] was not adjudicated within 120 days of his arrest was due to an attempt to resolve all of his pending cases in a comprehensive plea agreement. Such an approach is usually in the defendant's interest and would support a good cause reason to delay resolving the [violation of probation] independently of the other pending cases."

[5] See, e.g., *State* v. *Banks*, 321 Conn. 821, 848, 146 A.3d 1 (2016) (*Rogers, C. J.*, concurring) (mandatory statutes must be strictly complied with while directory statutes provide direction and are of no obligatory force). We also note that the 120 day time frame of § 53a-32 (c) has been determined to be discretionary. *State* v. *Flores*, Superior Court, judicial district of Fairfield, Docket No. CR-00-0161287-T (June 18, 2012).

[6] We also note that the court's finding of good cause offers an alternative path to affirming the denial of the motion to dismiss.

[7] General Statutes § 14-215 (a) provides: "No person to whom an operator's license has been refused, or, except as provided in section 14-215a, whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. No person shall operate or cause to be operated any motor vehicle, the registration of which has been refused, suspended or revoked, or any motor vehicle, the right to operate which has been suspended or revoked."